ors. And it may be questionable whether, if the estate had been decreed insolvent before the demand, it would have changed the result. *Williams* v. *Williams*, 30 Vt. 386. The receiptors might have taken the property attached, and have delivered it to the officer when demanded, or they might have procured the officer to go and take the property, and they would not have been liable to the administrator. The case finds that all the property was in the hands of the debtor at the time of his death, except the oats, wool, and one of the young cattle, so that the receiptors might have discharged their liability for all but the missing property, unless it should be held that the valuation in the receipt is an entire valuation, and that a part of the property could not be delivered by them without the whole, which would not probably be the case here. But that question does not arise, as the receiptors did not offer but refused to deliver any part of the property demanded. They are equally liable for what the debtor sold as for the rest. They should have looked after the property in his hands and prevented the sale, unless they intended to be bound by it. They entrusted the property to him, and must be held responsible for the whole. Whether these receiptors can now take the property that remains in the hands of the administrator, as they might have done at the time of the demand, and present their claim for what was sold against the estate, or whether the rights of creditors have now intervened, so as to compel these receiptors to present their whole claim to the commissioner of insolvency, and take their distributive share with the other creditors, is a question not raised in the case.

*Judgment for the plaintiff.*

## K. *v.* K.

A libel for divorce alleging that the libellee from, &c., to the filing of the libel, has so treated and still does so treat the libellant, as seriously to injure the health of said libellant, is insufficient, unless it also contains a specification of the acts complained of.

And when the charge is extreme cruelty, or such treatment as seriously to injure health, or such as to endanger reason, the acts complained of should be set forth, with such particularity of time, place and circumstance as to give the libellee notice, not only of the general charge made against him, but of the main facts upon which the charge is to be sustained.

LIBEL for divorce.

*Eastman & Cross*, for the libellant.

SARGENT, J. The libel in this case simply alleges that the libellee from, &c., to the filing of this libel at, &c., has so treated and still does so treat the libellant as seriously to injure the health of said libellant, but contains no specification of the character of the treatment or of the acts complained of.

In *Fellows* v. *Fellows*, 8 N. H. 160, it is held that where the charge is extreme cruelty, there should also be a specification of the acts of cruelty complained of. We think it reasonable, and therefore hold that the same rule should be applied where the charge is the treating the libellant so as seriously to injure health, or so as to endanger reason.

We hold, also, that in either of the cases above specified, the acts complained of should be stated in the libel with such particularity of time, place and circumstance as to give the libellee notice, not only of the general charge made against him, but of the main facts upon which that charge is to be maintained. We do not mean that no evidence will be received of any fact or circumstance not set forth in the libel, but that the material facts upon which the libellant relies must be substantially set forth therein.

*Libellant has leave to amend libel.*

---

## NORTHFIELD v. MERRIMACK COUNTY.

Chapter 2482 Pamphlet Laws, entitled "An act relating to the settlement of paupers," abolishes and destroys all settlements gained prior to January 1, 1820, and all such as have been gained since that date by being admitted an inhabitant of any town by vote of the town, or by being chosen and actually serving one year in some town office.

Paupers who lost a settlement by the operation of said act, are not necessarily chargeable upon the county within which they had such former settlement, but they will be chargeable upon the county within which they in fact reside at the time of making their application for aid, if such residence is *bonâ fide* and they have no home or domicil in any other county.

PETITION of the selectmen of Northfield for compensation for the support of Elliott Durgin and wife, and Winthrop M. Sewall, paupers resident in said Northfield, and alleged to be chargeable to said county of Merrimack.

Prior to the passage of the act of July 4, 1861, Durgin and wife had a settlement in Bristol, in the county of Grafton, by virtue of said Durgin's having been elected and serving one year as one of the selectmen of that town, and had been supported by Bristol at the residence of Durgin's son-in-law in Northfield for about two years. When they first became poor and unable to support themselves, they were resident in Northfield, and applied to that town for assistance. Notice was thereupon given to Bristol, and their selectmen came to Northfield, paid the expense of their support to that time, and engaged their son-in-law to maintain them, and continued to pay him for their support until the passage of the act aforesaid, when they settled up with him, and notified the selectmen of Northfield that they should maintain them no longer. The paupers have since been supported by Northfield, and have no settlement in this State under the existing laws.